UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOHN T. HINES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   1:15-cv-00378-DBH |
| | ) |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

In this action, Petitioner John T. Hines seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Following the required review, I recommend that the Court dismiss the petition.

Petitioner asserts that in 2011, he was convicted and sentenced in Maine state court on charges of criminal trespass, terrorizing, domestic violence terrorizing, and domestic violence assault. On September 29, 2011, the court sentenced Petitioner to 364 days in jail, with all but 60 days suspended, followed by two years of probation on the domestic violence assault charge and lesser concurrent sentences on the remaining charges. (Petition, ECF No. 1-1 at 1-2.) In the petition, Petitioner represents that he is not incarcerated, and that he has served his sentence. (Petition, ECF No. 1-1 at 2.)

Petitioner does not seek release from custody; rather, he seeks relief because the domestic violence terrorizing and domestic violence assault convictions "present a restraint on the Petitioner's liberty, and Second Amendment Right, to own and possess a firearm as a collateral consequence of the convictions and sentence." (*Id.*) He cites ineffective assistance of counsel and the lack of a voluntary plea as grounds for his request for habeas relief. (*Id.* at 5-10.)

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)).[1]  "Custody, 'the essential statutory ingredient for initial jurisdiction,' is determined as of the date a habeas petition is first filed." *Fernos-Lopez v. Figarella Lopez*, 929 F.2d 20, 23 (1st Cir. 1991) (per curiam) (quoting *United States v. Michaud*, 901 F.2d 5, 6 (1st Cir. 1990) (per curiam)). In addition, "a sentence that has been fully served does not satisfy the custody requirement of the habeas statute, despite the collateral consequences that generally attend a criminal conviction." *Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984) (citations omitted.)  Because Petitioner asserts in the petition that he is not in custody and that he has completed his sentence,[2] this Court lacks jurisdiction to consider Petitioner's request for habeas relief. Accordingly, the petition must be dismissed.

---

[1] Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

[2] A petitioner who has fully served the incarceration portion of his sentence, but who remains on probation, is in custody for federal habeas purposes. *Cronin v. Comm'r of Prob.*, 783 F.3d 47, 50 (1st Cir. 2015). "Custody is determined from the date that a habeas petition is first filed." *Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984).  In this case, (1) Petitioner asserts that his sentence included a two year probationary period that likely would have commenced in 2011; (2) Petitioner does not assert that his term of probation was tolled or extended at any time and does not otherwise allege that he was under a restraint due to a term of probation at the time of filing of the petition; and (3) Petitioner represents that at the time he filed the federal habeas petition, he had fully served his sentence.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. section 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 24th day of September, 2015.

---

Based on Petitioner's representations, one can reasonably conclude that Petitioner was neither incarcerated nor serving a term of probation when he filed the petition, and, therefore, he was not in custody.